## Building and Loan Associations' Annual Reports.

*Building and loan associations—Annual reports—Banking Department—Call for reports—Act of June 15, 1923.*

Under the Act of June 15, 1923, P. L. 809, the Secretary of Banking may issue a call for annual reports on the first of each month to building and loan associations which have closed their fiscal year during the preceding month, instead of waiting until the end of the calendar year and then sending the call to all associations for reports as of the close of their respective fiscal years.

Department of Justice. Opinion to H. H. Eshbach, Chief of Building and Loan Associations Bureau, Department of Banking.

ANDERSON, Dep. Att'y-Gen., March 1, 1927.—You desire to be advised as to whether or not the Secretary of Banking may issue a call for annual reports on the first of each month to building and loan associations which closed their fiscal years during the preceding month, instead of waiting until the end of the calendar year and then sending the call to all associations for reports as of the close of their respective fiscal years. Your practice heretofore has been to send a call to each association about Jan. 1st of each year for a report as of the close of its fiscal period during the preceding calendar year. As a result, you receive reports as of each month of the year and as of various days in the month.

Section 15 of the Banking Act of June 15, 1923, P. L. 809, provides as follows:

"Every corporation and person subject to the supervision of the department, except building and loan associations doing business exclusively within this State, shall make and render to the secretary not less than two or more than five reports of its or his condition during each year. The number, form and

manner of such reports shall be prescribed by the secretary by general rule or regulation. . . .

"Each such report shall exhibit, in detail and under appropriate heads, the resources and liabilities of the corporation or person at the close of business on any past day specified by the secretary. . . .

"Building and loan associations doing business exclusively within this State shall, in the manner hereinbefore provided, make and render one report during each year. No abstract summaries of such reports need be published.

"The secretary shall have power to call for a special report from any corporation or person under the supervision of the department, including building and loan associations, whenever, in his judgment, the same may be necessary to a full and complete knowledge of its or his conditions."

By reference to section 4 of that act, it appears that the supervision of the Secretary of Banking over corporations and persons extends and applies to building and loan associations. This supervision is part of the duty of the Secretary of Banking of taking care that the laws of this Commonwealth in relation to the corporations and persons described in the Banking Act shall be faithfully executed and that the greatest safety to depositors therein and therewith, and to other interested persons, shall be afforded.

The provisions of the act in question relative to the examination of building and loan associations also throw light on the situation. In section 9 of the act it is provided that building and loan associations shall be examined at least once in each year, and more frequently if the condition of any building and loan association shall be such that, in the opinion of the Secretary of Banking, an additional examination is necessary. Section 14 of the act makes it the duty of the secretary, at least once in each year, to examine, or cause to be examined, the books, papers and affairs of each and every corporation and person subject to the supervision of the department.

It is to be noted that nowhere in any of the statutory provisions above cited is there any date in any particular year for the filing of reports or for the making of examinations of either building and loan associations or other institutions which are subject to the supervision of the Banking Department. The only limitation as to the calling for reports from building and loan associations to which the Secretary of Banking is subjected is that, under ordinary circumstances, such reports are to be annually made. There is no reference in the Banking Act to a calendar year. It is, therefore, within both the power and the duty of the Secretary of Banking to adopt a fiscal year, the transactions in which must be covered by a building and loan association report. His duty to take care that the greatest safety is afforded to depositors and other persons interested in building and loan associations forms the basis of his power to prescribe and define the year as to which any such association must report.

The practice which has heretofore prevailed in the Banking Department with respect to annual reports of building and loan associations is necessarily not as efficient a means of bringing such associations under the complete view and supervision of the Banking Department as that as to whose legality you are inquiring. Inasmuch as the Banking Act contains no obstacle in the way of the adoption of the new practice, and inasmuch as that new practice will no doubt promote the efficiency of the department's supervision over such associations, you are advised that the Secretary of Banking may lawfully issue a call on the first of each month to building and loan associations whose fiscal years closed during the preceding months for reports covering those fiscal years.                    From C. P. Addams, Harrisburg, Pa.